COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

                                        NO.
2-07-422-CR

                                        NO.
2-07-423-CR

 

DORIAN MASAKELLA POTTER                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








In each
case, Appellant Dorian Masakella Potter pled guilty to possession of a
controlled substance, cocaine, in an amount between four and two hundred grams,
with intent to deliver, and pled true to the repeat offender allegations.  The trial court found him guilty, found the
repeat offender allegations true, and sentenced him in each case to twenty
years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice, with the sentences to be served concurrently.

Appellant=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, these appeals are
frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the records demonstrating why there
are no arguable grounds for relief. 
Although Appellant was given an opportunity to file a pro se brief, he
has not done so.








After an
appellant=s court-appointed counsel files
a motion to withdraw on the ground that the appeal is frivolous and fulfills
the requirements of Anders, this court is obligated to undertake an
independent examination of the record.[3]  Only then may we grant counsel=s motion
to withdraw.[4]  Because Appellant entered an open plea of
guilty in each case, our independent review for potential error is limited to
potential jurisdictional defects, the voluntariness of his pleas, error that is
not independent of and supports the judgments of guilt, and error occurring
after entry of the guilty pleas.[5]

We have
carefully reviewed counsel=s brief
and the records.  We agree with counsel
that these appeals are wholly frivolous and without merit; we find nothing in
the records that arguably might support the appeals.[6]  Accordingly, we grant counsel=s motion
to withdraw and affirm the trial court=s
judgments.

 

PER
CURIAM

PANEL:  DAUPHINOT, LIVINGSTON, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 12, 2009











[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct.
1396 (1967).





[3]See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort Worth 1995, no
pet.).





[4]See Penson v. Ohio, 488 U.S. 75, 82B83, 109 S. Ct. 346, 351
(1988).





[5]See Monreal v. State, 99 S.W.3d 615, 620 (Tex.
Crim. App. 2003).





[6]See Bledsoe v. State, 178 S.W.3d 824, 827B28 (Tex. Crim. App.
2005).